UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-60133-CR-BECERRA

UNITED STATES OF AMERICA

vs.

YVONNE SANANDRES,

Defendant.

_____/

### FACTUAL PROFFER

The United States Attorney's Office for the Southern District of Florida and Yvonne Sanandres (hereinafter referred to as the "defendant") agree that, had this case proceeded to trial, the United States would have presented evidence proving the following beyond a reasonable doubt:

On or about May 21, 2020, the defendant submitted Economic Injury Disaster Loan ("EIDL") application number 3000205681 on behalf of Boca Property Group LLC ("Boca Property Group"). That application claimed that Boca Property Group had 1 employee and Gross Revenues of $575,000 for the 12-month period prior to January 31, 2020. The defendant was listed as the company's Chief Executive Officer ("CEO") on the application. In reality, as the defendant knew, Boca Property Group was not an operating business, and it had neither an employee nor Gross Revenues for the 12-month period prior to January 31, 2020. In support of the loan application, the defendant submitted a purported 2019 United States Income Tax Return for an S Corporation. In reality, Boca Property Group did not file a tax return with the Internal Revenue Service in 2019. The Small Business Administration approved this loan application, and on or about June 23, 2020, it disbursed $149,900 in EIDL funds via interstate wire into a JPMorgan Chase bank account in the name of Boca Property Group. The defendant was the sole signatory on that bank account. As part of the loan application process, the defendant executed a loan agreement

1

attesting that she would "use all the proceeds of this Loan solely as working capital to alleviate economic injury caused by disaster occurring in the month of January 31, 2020." In reality, none of the loan proceeds were used for that purpose.   The defendant obtained and used for her personal benefit the $149,900 in EIDL loan funds, which were obtained on account of false and fraudulent misrepresentations made by the defendant on the EIDL loan application that she submitted on behalf of Boca Property Group.  The defendant used the EIDL loan funds intended for Boca Property Group, in part, to fund a down payment for real property located at 4326 Jackson Street, Hollywood, Florida 33021.

On or about April 13, 2020, the defendant submitted EIDL application number 3601238061 on behalf of Ascher Contracting Services, Inc. ("Ascher Contracting"). That application claimed that Ascher Contracting had 1 employee and Gross Revenues of $550,000 for the 12-month period prior to January 31, 2020. The defendant was listed as the company's CEO on the application. In reality, as the defendant knew, Ascher Contracting was not an operating business, and it had neither an employee nor Gross Revenues for the 12-month period prior to January 31, 2020. The Small Business Administration approved this loan application, and on or about June 23, 2020, it disbursed $149,900 in EIDL funds via interstate wire into a JPMorgan Chase bank account in the name of Ascher Contracting. The defendant was the sole signatory on that bank account. As part of the loan application process, the defendant executed a loan agreement attesting that she would "use all the proceeds of this Loan solely as working capital to alleviate economic injury caused by disaster occurring in the month of January 31, 2020." In reality, none of the loan proceeds were used for that purpose.   The defendant obtained and used for her personal benefit the $149,900 in EIDL loan funds, which were obtained on account of false and fraudulent misrepresentations made by the defendant on the EIDL loan application that she submitted on behalf of Ascher Contracting.  The defendant used the EIDL loan funds intended for Ascher

Contracting, in part, to fund a down payment for real property located at 11108 Whitehawk St., Plantation, Florida 33324.

The United States and the defendant agree that these facts are sufficient to establish the defendant's guilt as to Counts 9 and 12 of the indictment.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: _5/20/24_          By: _____
                             SEAN PAUL CRONIN
                             ASSISTANT UNITED STATES ATTORNEY

Date: _5/20/24_          By: _____
                             RYAN K. STUMPHAUZER, ESQ.
                             ATTORNEY FOR DEFENDANT

Date: _5/22/24_          By: _____
                             YVONNE SANANDRES
                             DEFENDANT

3